**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

NOE CAMACHO,

      Defendant - Appellant.

No. 01-1595
(D.C. No. 00-CR-448-B)
(D. Colorado)

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADALBERTO LOPEZ, also known as
Norberto,

      Defendant - Appellant.

No. 02-1018
(D.C. No. 00-CR-448-B)
(D. Colorado)

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALBERTO N. LOPEZ,

      Defendant - Appellant.

No. 02-1019
(D.C. No. 00-CR-448-B)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Defendants-Appellants Noe Camacho, Adalberto Lopez, and Alberto Lopez appeal from their sentences. Because these appeals arise from common facts (all defendants were named in the same superseding indictment, 1 R. (02-1018) Doc. 208), raise similar issues, and suffer the same jurisdictional defects, we now consolidate them for disposition.

Mr. Camacho pled guilty to distribution of 500 grams or more of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. He was sentenced to fifty-seven months imprisonment to be followed by a five-year supervised release and assessed $100. The pre-sentence investigation report adopted by the district court placed Mr. Camacho in criminal history category I and the offense at level 25. Mr. Camacho

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

did not dispute the accuracy of the report's calculations, but argued for a downward departure based upon extensive family ties and support in Mexico, lack of a prior criminal record, and minimal participation in the crime.

Mr. Adalberto Lopez pled guilty during trial to (1) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, and (2) distribution of 500 grams or more of methamphetamine, and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. He was sentenced to a total of 180 months imprisonment to be followed by a five-year supervised release (the district court ran the sentences on each count concurrently) and assessed $200. At the sentencing hearing, counsel argued for a downward departure due to an over-representation of Mr. Adalberto Lopez's criminal history.

Mr. Alberto Lopez was convicted by a jury of (1) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, (2) distribution of 50 grams or more of methamphetamine, (3) possession with intent to distribute 50 grams or more of methamphetamine, and (4) distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)-(B) and 21 U.S.C. § 846. He was sentenced to a total of 151 months imprisonment on each count to be followed by a five-year supervised release on each count (the sentences to be served concurrently) and assessed $400.

Counsel for all three defendants have filed briefs pursuant to Anders v. California, 386 U.S. 738 (1967), and have moved to withdraw. Anders holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. Id. In their Anders briefs, counsel for Mr. Camacho and Mr. Adalberto Lopez recognize that this court lacks jurisdiction to review a district court's denial of a motion for downward departure. Counsel for Mr. Alberto Lopez contends that there are no legally cognizable issues for appeal.

Unless the judge's language unambiguously states that the judge does not believe he has the authority to make a downward departure, we do not have jurisdiction to review the denial of a downward departure. See United States v. Guidry, 199 F.3d 1150, 1161 (10th Cir. 1999). The transcripts of both Mr. Camacho's and Mr. Adalberto Lopez's sentencing hearings contain no such statement.

Mr. Adalberto Lopez filed a response to counsel's brief, raising two claims: (1) the sentence constituted a constructive amendment of the indictment, and (2) ineffective assistance by counsel failing to negotiate an earlier plea bargain with the government and failing to file written objections to the pre-sentence report.

- 4 -

Mr. Alberto Lopez filed a motion for appointment of counsel claiming ineffective assistance of counsel, and we construe this as a response to counsel's brief. Ineffective assistance "claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir.1995) (en banc). We therefore decline to review the ineffective assistance claims here.

As noted, Mr. Adalberto Lopez also raises Fifth and Sixth Amendment claims, alleging that he was indicted for conspiracy to possess with intent to distribute "(500) grams of methamphetamine," but the district court adopted the findings of the pre-sentence report (PSR), which "held that appellant should be held accountable for 2,200 grams." Aplt. Adalberto Lopez Br. at 4. According to Mr. Adalberto Lopez, the district court constructively amended the grand jury's indictment by adopting the PSR's finding as to the quantity of drugs and sentencing Mr. Adalberto Lopez at offense level 34 (at least 1.5 KG but not more than 5 KG of methamphetamine).

Apparently, this argument was not raised before the district court and will be reviewed for plain error. In United States v. Cotton, 122 S. Ct. 1781 (2002), the Court held that the failure to allege a drug quantity in an indictment does not deprive a court of jurisdiction and, where the issue is not raised below, it will be evaluated for plain error. Id. at 1785-86. Thus, it is doubtful that such a claim

could succeed absent a showing that the error claimed seriously affected the fairness, integrity, or public reputation of the proceedings. Regardless, there is no factual basis for such a claim here. Mr. Adalberto Lopez was indicted by the grand jury for conspiracy to possess with intent to distribute and distribution of "500 grams or more" of methamphetamine, in accord with the terms of 21 U.S.C. § 841(b)(1)(A). 1 R. (02-1018) Doc. 208. Nowhere in the grand jury's superseding indictment does it charge Mr. Adalberto Lopez with a quantity limited to 500 grams of methamphetamine, only that he conspired to possess with intent to distribute and distributed "more than 500 grams." Mr. Adalberto Lopez's sentence, then, falls below the maximum penalty (life imprisonment) provided in § 841(b)(1)(A) and was in accord with the superseding indictment and the Sentencing Guidelines.

Pursuant to our duty under Anders, we have conducted an independent review. Because we agree that there are no non-frivolous issues on appeal, we GRANT permission for counsel to withdraw and DISMISS these appeals. Mr. Alberto Lopez's request for appointment of counsel is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge